ANN McCOY WEBB v. TRIAD APPRAISAL AND ADJUSTMENT SERVICE, INC. AND PAT SCARLETT, D/B/A PAT'S BODY SHOP

No. 8621SC720

(Filed 17 February 1987)

**Fraud § 9; Unfair Competition § 1— repair of auto—sufficiency of complaint to state claim**

   In an action arising out of defendant's agreement to repair plaintiff's car, the trial court erred in dismissing plaintiff's claims for fraud and unfair and deceptive trade practices where plaintiff alleged facts which, if proved, would support a finding of fraud, and proof of fraud necessarily constitutes a violation of the prohibition against unfair and deceptive trade practices.

APPEAL by plaintiff from *Seay, Judge*. Order entered 30 April 1986 in Superior Court, FORSYTH County. Heard in the Court of Appeals 11 December 1986.

Plaintiff alleged the following in her complaint:

On 30 August 1983, plaintiff contracted with Pat Scarlett doing business as Pat's Body Shop and Triad Appraisal and Adjustment Service, Inc. to repair her car which had been damaged in an accident. Defendants agreed to repair plaintiff's car for $1,631.60 and Pat's Body Shop agreed to guarantee the repairs. At that time, plaintiff paid Scarlett in full for the repairs.

During the time the repairs were purportedly being made, plaintiff entered the hospital. Scarlett visited plaintiff in the hospital and represented to her that he had completed all the contracted work and demanded an additional $200. He threatened her and told her that he would charge additional rent while she was in the hospital if she did not pay him immediately. Plaintiff gave him the $200.

After her release from the hospital, plaintiff went to Pat's Body Shop and discovered that most of the work on her car for which she had contracted had not been done. She told Scarlett of this and he agreed to complete the repairs. On the following day, plaintiff returned and observed that her car still had not been fixed. Scarlett told her to take her car and that he did not have time to fix it. On her way home, the new paint that defendants had placed on her car flew off as she was driving home. She immediately called Scarlett but he refused to talk with her. She subsequently called Scarlett numerous times but he continually refused to talk with her. During one of these calls, one of Scarlett's employees heckled plaintiff.

Plaintiff paid another body shop $1,550.48 to perform the same work that she had paid Scarlett to do.

On 3 July 1985, plaintiff filed a complaint alleging three causes of action: (1) breach of contract and fraud; (2) bad faith; and (3) unfair and deceptive trade practices.

Pursuant to defendants' motion to dismiss and motion to strike, the trial court determined that the portions of plaintiff's first cause of action as to breach of contract should be allowed to stand but that the remaining allegations in her first cause of action as to fraud and the damages for fraud, mental and emotional distress and punitive damages should be stricken and dismissed.

The trial court further determined that the allegations and damages in plaintiff's second and third causes of action should be stricken and dismissed.

From the order of the trial court, plaintiff appeals.

*Kennedy, Kennedy, Kennedy and Kennedy, by Harvey L. Kennedy and Harold L. Kennedy, III, for plaintiff appellant.*

*Alexander, Wright & Parrish, by Melvin F. Wright, Jr., for defendant appellees.*

ARNOLD, Judge.

Although the issue was not raised by defendants, we note that this appeal is interlocutory.

Appeals in civil actions are governed by G.S. 1-277, which permits an appeal from every judicial order involving a matter of law which affects a substantial right. Ordinarily, an appeal lies only from a final judgment, but an interlocutory order which will work injury if not corrected before final judgment is immediately appealable. *State Highway Comm'n v. Nuckles,* 271 N.C. 1, 155 S.E. 2d 772 (1967).

A substantial right is involved in the present case. *Cf. Oestreicher v. American Nat'l Stores, Inc.,* 290 N.C. 118, 225 S.E. 2d 797 (1976). If plaintiff's claims were not subject to dismissal, she has a substantial right to have all three causes tried at the same time by the same judge and jury.

Plaintiff contends that the trial court erred in dismissing and striking her claims for fraud, bad faith, and unfair and deceptive trade practices. While we agree that the trial court properly dismissed plaintiff's second cause of action alleging bad faith, we find that the trial court erred in dismissing plaintiff's causes of action for fraud and unfair and deceptive trade practices.

To make out an actionable case of fraud, plaintiff must show that defendant made a representation relating to some material past or existing fact, that the representation was false, that defendant knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion, that defendant made the representation with the intention that it should be acted upon by the plaintiff, that the plaintiff reasonably relied upon the misrepresentation and acted upon it, and that the plaintiff suffered injury. *See Odom v. Little Rock & I-85 Corp.,* 299 N.C. 86, 261 S.E. 2d 99 (1980).

In her complaint, plaintiff alleged the following:

---

**Webb v. Triad Appraisal and Adjustment Service, Inc.**

---

VI. That at the time that the defendants entered into the contract and represented that they would complete the repairs to the plaintiff's vehicle, they had no intention of completing said repairs and fully performing the contract. That these representations were materially false, that the defendants knew they were false, and they were made with the intent to deceive the plaintiff, and the plaintiff relied on defendants' misrepresentations to her detriment. That the actions and conduct of the defendant in taking money from the plaintiff and failing to perform the work, and using shoddy materials in the small amount of work that was done constituted fraudulent conduct.

The facts alleged by plaintiff, if proven, could support a finding of fraud. Therefore it was error for the trial court to dismiss and strike plaintiff's claim for fraud.

Unfair or deceptive acts or practices in or affecting commerce are unlawful. G.S. 75-1.1. Proof of fraud necessarily constitutes a violation of the prohibition against unfair and deceptive trade practices. *Hardy v. Toler*, 288 N.C. 303, 218 S.E. 2d 342 (1975).

Since plaintiff has alleged facts which, if proven, could support a finding of fraud, she has also alleged facts which could support a finding of unfair and deceptive trade practices. Therefore it was error for the trial court to dismiss plaintiff's claim for unfair and deceptive trade practices.

The order of the trial court is

Affirmed in part, reversed in part and remanded.

Judges PHILLIPS and ORR concur.