EASTOVER RIDGE, L.L.C., A NORTH CAROLINA LIMITED LIABILITY COMPANY, PLAINTIFF V. METRIC CONSTRUCTORS, INC., DEFENDANT

BYRD'S LAWN & LANDSCAPING, INC., PLAINTIFF V. EASTOVER RIDGE, L.L.C.; METRIC CONSTRUCTORS, INC.; HACKER INDUSTRIES, INC.; NATIONWIDE LIFE INSURANCE COMPANY; AND WILLIAM T. GRAVES, AS TRUSTEE, DEFENDANTS

NIX-UNGER CONSTRUCTION CO., INC., PLAINTIFF V. METRIC CONSTRUCTORS, INC., AND EASTOVER RIDGE LIMITED LIABILITY COMPANY, DEFENDANTS

**EASTOVER RIDGE, L.L.C. v. METRIC CONSTRUCTORS, INC.**

[139 N.C. App. 360 (2000)]

BASIC ELECTRIC COMPANY, INC., PLAINTIFF v. METRIC CONSTRUCTORS, INC. AND EASTOVER RIDGE, L.L.C., DEFENDANTS

ALLISON FENCE COMPANY, INC., PLAINTIFF v. EASTOVER RIDGE LIMITED LIABILITY COMPANY, METRIC CONSTRUCTORS, INC., NATIONWIDE LIFE INSURANCE AND WILLIAM T. GRAVES, TRUSTEE, DEFENDANTS

No. COA99-960

(Filed 1 August 2000)

**1. Appeal and Error— appealability—partial summary judgment**

The appeal of a partial summary judgment on a claim arising from the construction of apartment units was properly before the Court of Appeals where the order granting summary judgment on the unfair and deceptive trade practices claim was dispositive of that claim, the trial court certified that there is no just reason for delaying the appeal, and a substantial right would be significantly impaired absent immediate appeal due to the possibility of inconsistent verdicts.

**2. Fraud— constructive—no fiduciary relationship**

The trial court did not err by granting a partial summary judgment for defendant on an unfair and deceptive trade practices claim in an action arising from the construction of apartments where plaintiff contended that it would necessarily be entitled to recover on its unfair and deceptive trade practices claim if it prevailed on its constructive fraud claim. Constructive fraud requires a relationship of trust and confidence; notwithstanding standard language in the agreement between plaintiff and defendant (the contractor) regarding a relationship of trust and confidence, and deposition testimony that defendant knew that plaintiff expected defendant to "look after" plaintiff's interests, the architect's constant, close involvement in the project belies any claim that a "relation of trust and confidence" existed between plaintiff and defendant giving rise to a fiduciary relationship.

**3. Unfair Trade Practices— construction contract—insufficient aggravating circumstances**

The trial court did not err by granting partial summary judgment for defendant on an unfair and deceptive trade practices claim arising from the construction of apartments where plaintiff contended that there were sufficient aggravating circumstances to support the claim. Although plaintiff made numerous allega-

**EASTOVER RIDGE, L.L.C. v. METRIC CONSTRUCTORS, INC.**

[139 N.C. App. 360 (2000)]

tions that defendant breached its agreement regarding the construction project, a certificate of substantial completion was signed by the architect and the project was subject to local government inspection.

Appeal by plaintiff Eastover Ridge from judgment entered 24 May 1999 by Judge L. Oliver Noble, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 May 2000.

*Robinson, Bradshaw & Hinson, P.A., by Robert W. Fuller and Lawrence C. Moore, III, for plaintiff-appellant Eastover Ridge.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Timothy G. Barber and Steven D. Gardner; and Spriggs & Hollingsworth, by Douglas L. Patin and Mark Blando, for defendant-appellee Metric Constructors, Inc.*

WALKER, Judge.

The above five cases listed in the caption of this opinion were consolidated for trial; however, only plaintiff Eastover Ridge and defendant Metric Constructors, Inc. (case no. 96-CVS-13243) are parties to this appeal.

On 22 July 1994, plaintiff entered into an agreement with defendant for the construction of 216 apartment units in nine buildings, a clubhouse/leasing building, pool, tennis courts, maintenance building, certain landscape features, and associated site work. Plaintiff initiated this action on 22 October 1996 and filed an amended complaint four days later, asserting claims for breach of contract, breach of fiduciary duty and constructive fraud, unfair trade practices, and equitable relief of recoupment and setoff. Defendant filed an answer and counterclaim, alleging breach of contract by plaintiff and seeking recovery in *quantum meruit* as well as enforcement of its lien pursuant to N.C. Gen. Stat. § 44A-13. Plaintiff cross-claimed for *quantum meruit* recovery in its reply filed 19 February 1997.

On 18 September 1998, defendant filed a motion for partial summary judgment, seeking to limit damages in accordance with the liquidated damages provision of the agreement and dismissal of the plaintiff's claim for unfair and deceptive trade practices. After a hearing, the trial court granted defendant's motion for partial summary judgment, dismissing plaintiff's claim for unfair and deceptive trade practices. The trial court then certified the judgment as final pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure.

**EASTOVER RIDGE, L.L.C. v. METRIC CONSTRUCTORS, INC.**

[139 N.C. App. 360 (2000)]

Plaintiff assigns as error the trial court's awarding summary judgment in favor of defendant on the claim for unfair and deceptive trade practices since: (1) defendant breached its fiduciary duty to plaintiff resulting in constructive fraud; and (2) there were sufficient aggravating circumstances. "Under N.C. Gen. Stat. § 75-1.1, the question of what constitutes an unfair or deceptive trade practice is an issue of law." *L.C. Williams Oil Company, Inc. v. Exxon Corp.*, 625 F.Supp. 477, 482 (M.D. N.C. 1985) (citations omitted). "While a court generally determines whether a practice is an unfair or deceptive act or practice based on the jury's findings, if the facts are not disputed the court should determine whether the defendant's conduct constitutes an unfair trade practice." *Id.* "Summary judgment has been granted when appropriate." *Id.* Summary judgment is proper when there is no genuine issue as to any material fact and any party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999); *Coastal Leasing Corp. v. T-Bar Corp.*, 128 N.C. App. 379, 496 S.E.2d 795 (1998). Defendant, as the moving party, bears the burden of showing that no triable issue exists. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 62-63, 414 S.E.2d 339, 341-342 (1992). This burden can be met by showing: (1) that an essential element of plaintiff's claim is nonexistent; (2) that discovery indicates plaintiff cannot produce evidence to support an essential element; or (3) that plaintiff cannot surmount an affirmative defense. *Id.* at 63, 414 S.E.2d at 342. Once a defendant has met that burden, the plaintiff must forecast evidence tending to show a *prima facie* case exists. *Id.*

**[1]** Although the parties do not raise the issue, we must first consider *sua sponte* whether the plaintiff's appeal is properly before this Court. *See Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980). There is generally no right to appeal an interlocutory order. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). "An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995).

There are only two means by which an interlocutory order may be appealed: (1) if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to N.C.R. Civ. P. 54(b) or (2) "if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *Bartlett v. Jacobs*, 124 N.C.

App. 521, 524, 477 S.E.2d 693, 695 (1996), *disc. review denied,* 345 N.C. 340, 483 S.E.2d 161 (1997) (citations omitted); *Anderson v. Atlantic Casualty Ins. Co.,* 134 N.C. App. 724, 518 S.E.2d 786 (1999); N.C. Gen. Stat. § 1-277 (1999); N.C. Gen. Stat. § 7A-27 (1999). However, a Rule 54(b) certification is effective to certify an otherwise interlocutory appeal only if the trial court has entered a final judgment with regard to a party or a claim in a case which involves multiple parties or multiple claims. *DKH Corp. v. Rankin-Patterson Oil Co.,* 348 N.C. 583, 500 S.E.2d 666 (1998). Rule 54(b) certification of an appeal is reviewable by this Court "because the trial court's denomination of its decree 'a final . . . judgment does not make it so,' if it is not such a judgment." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.,* 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998), *citing Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979). Thus, we must determine whether the order granting defendant partial summary judgment was final or, in the alternative, whether a substantial right of plaintiff will be affected absent immediate appellate review.

"A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. Durham,* 231 N.C. 357, 361-362, 57 S.E.2d 377, 381, *rehearing denied,* 232 N.C. 744, 59 S.E.2d 429 (1950). In the case at bar, the trial court's order granting defendant partial summary judgment on the unfair and deceptive trade practices claim is dispositive of that claim, and the trial court certified that there is no just reason for delaying the appeal pursuant to Rule 54(b). Furthermore, we conclude that a substantial right of plaintiff would be significantly impaired absent immediate appeal due to the possibility of inconsistent verdicts in later proceedings since plaintiff's claim against defendant for constructive fraud is still pending. *See First Atl. Mgmt. Corp.,* 131 N.C. App. 242, 507 S.E.2d 56; *Webb v. Triad Appraisal and Adjustment Service, Inc.,* 84 N.C. App. 446, 352 S.E.2d 859 (1987). Thus, plaintiff's appeal is properly before this Court.

[2] We next address plaintiff's contention that summary judgment was improperly granted since defendant breached its fiduciary duty to plaintiff resulting in constructive fraud. Plaintiff argues that if it "prevails on its constructive fraud claim, it will necessarily be entitled to recover for an unfair and deceptive trade practice claim." *See Webb,* 84 N.C. App. at 449, 352 S.E.2d at 862. Defendant contends that although plaintiff's claim for constructive fraud was not raised before

nor addressed by the trial court, there is insufficient evidence to establish constructive fraud as a matter of law.

In order to maintain a cause of action for constructive fraud, plaintiff must allege "facts and circumstances" which "created the relation of trust and confidence" and "led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff." *Rhodes v. Jones*, 232 N.C. 547, 549, 61 S.E.2d 725, 726 (1950); *See Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 666, 488 S.E.2d 215, 224 (1997). "Constructive fraud differs from actual fraud in that it is based on a confidential relationship rather than a specific representation." *Barger*, 346 N.C. at 666, 488 S.E.2d at 224.

Plaintiff contends that Article 3 of the parties' agreement "imposed a fiduciary duty" on defendant. Article 3 provides:

> 3.1 The Contractor accepts the relationship of trust and confidence established by this Agreement and covenants with the Owner to cooperate with the Architect and utilize the Contractor's best skill, efforts and judgment in furthering the interests of the Owner. . . .

Plaintiff also points to the deposition of defendant's Senior Project Manager, Carl Frinzi, in which the following exchange occurred:

> Q. . . . you knew that [Mr. Griffith, an owner of Eastover] expected you to look after his interests?
>
> A. Yes.
>
> Q. Because he told you that?
>
> A. Yes.
>
> Q. And you said you were?
>
> A. Uh-huh (yes).

Defendant argues that plaintiff's "constructive fraud claim is premised on a contractually created alleged fiduciary duty" and that plaintiff has failed to cite to any authority which indicates that the "breach of a contractually created fiduciary duty[] equates to a constructive fraud claim under North Carolina law." Defendant further argues that plaintiff has failed to allege the "existence of a relationship between itself and [defendant] that triggers a presumptive constructive fraud claim."

A careful review of the record reveals that defendant had previously participated in a bidding process and submitted the lowest bid for the construction project. Thereafter, the parties negotiated a cost plus contract. While certain terms of this contract were specifically negotiated, there is nothing to indicate that Section 3.1 of Article 3 of the standard AIA Document A201, entitled "General Conditions of the Contract for Construction," was the subject of any specific discussion between the parties. Furthermore, although Mr. Frinzi did generally indicate during his deposition testimony that defendant knew plaintiff expected it to "look after" plaintiff's interests, this evidence must be viewed in light of the surrounding circumstances. We note that after negotiating the contract in question, plaintiff hired an architect, Greg Wood, to administer the parties' agreement and oversee the project. Article 4 of the parties' agreement outlines the extensive duties and responsibilities of the architect and these include:

4.2.1 The Architect will provide administration of the Contract . . . and will be the Owner's representative (1) during construction, (2) until final payment is due and (3) with the Owner's concurrence, from time to time during the correction period described in Paragraph 12.2. The Architect will advise and consult with the Owner. The Architect will have authority to act on behalf of the Owner only to the extent provided in the Contract Documents . . . .

4.2.2 The Architect will visit the site at intervals appropriate to the stage of construction to become generally familiar with the progress and quality of the completed Work and to determine in general if the Work is being performed in a manner indicating that the Work, when completed, will be in accordance with the Contract Documents . . . . On the basis of on-site observations as an architect, the Architect will keep the Owner informed of progress of the Work, and will endeavor to guard the Owner against defects and deficiencies in the Work.

. . .

4.2.5 Based on the Architect's observations and evaluations of the Contractor's Applications for Payment, the Architect will review and certify the amounts due the Contractor and will issue Certificates for Payment in such amounts.

4.2.6 The Architect will have authority to reject Work which does not conform to the Contract Documents. Whenever the

**EASTOVER RIDGE, L.L.C. v. METRIC CONSTRUCTORS, INC.**

[139 N.C. App. 360 (2000)]

Architect considers it necessary or advisable for implementation of the intent of the Contract Documents, the Architect will have authority to require additional inspection or testing of the Work . . . whether or not such Work is fabricated, installed or completed. . . .

. . .

4.2.9 The Architect will conduct inspections to determine the date or dates of Substantial Completion and the date of final completion . . ., and will issue a final Certificate for Payment upon compliance with the requirement of the Contract Documents.

. . .

4.2.11 The Architect will interpret and decide matters concerning performance under and requirements of the Contract Documents on written request of either the Owner or Contractor.

Notwithstanding the standard language of Article 3 and Mr. Frinzi's deposition testimony, we conclude as a matter of law that the architect's constant, close involvement in the project belies any claim that a "relation of trust and confidence" existed between plaintiff and defendant giving rise to a fiduciary relationship. *See Rhodes*, 232 N.C. at 549, 61 S.E.2d at 726; *See Barger*, 346 N.C. at 666, 488 S.E.2d at 224. Thus, plaintiff has failed to establish the existence of a fiduciary duty, the breach of which would give rise to a claim for unfair and deceptive trade practices.

**[3]** Plaintiff next contends that the trial court erred in granting defendant summary judgment on the unfair and deceptive trade practices claim since there were sufficient aggravating circumstances. "[A] practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Warfield v. Hicks*, 91 N.C. App. 1, 8, 370 S.E.2d 689, 693, *disc. review denied*, 323 N.C. 629, 374 S.E.2d 602 (1988) (citations omitted). "In essence, a party is guilty of an unfair act or practice when it engages in conduct which amounts to an inequitable assertion of its power or position." *Id.* "The concept of 'unfairness' is broader than and includes the concept of 'deception.' " *Id.*

However, "[i]t is well recognized . . . that actions for unfair or deceptive trade practices are distinct from actions for breach of con-

tract, and that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.G.S. § 75-1.1." *Branch Banking and Trust Co. v. Thompson*, 107 N.C. App. 53, 62, 418 S.E.2d 694, 700, *disc. review denied*, 332 N.C. 482, 421 S.E.2d 350 (1992) (citations omitted). The plaintiff must show "substantial aggravating circumstances attending the breach to recover under the Act, which allows for treble damages." *Id.* It is "unlikely that an independent tort could arise in the course of contractual performance, since those sorts of claims are most appropriately addressed by asking simply whether a party adequately fulfilled its contractual obligations." *Broussard v. Meineke Discount Muffler Shops*, 155 F.3d 331, 347 (4th Cir. 1998), *citing Strum v. Exxon Co.*, 15 F.3d 327, 333 (4th Cir. 1994).

Defendant contends that plaintiff has failed to show sufficient aggravating circumstances to establish a claim for unfair and deceptive trade practices and cites to this Court's decision in *Stone v. Homes, Inc.*, 37 N.C. App. 97, 245 S.E.2d 801, *disc. review denied*, 295 N.C. 653, 248 S.E.2d 257 (1978). In *Stone, supra*, the plaintiffs, purchasers of a house, brought an action against the corporate builder vendor, alleging claims for breach of warranties, fraud, and unfair and deceptive trade practices. *Id.* at 98, 245 S.E.2d at 803. The plaintiffs' evidence at trial tended to show that the defendant never completed construction of the house and that there were numerous structural defects, including leaking windows, improper sewage drainage, and faulty electrical work, as well as cracks in the chimney and brick veneer. *Id.* at 99, 245 S.E.2d at 804. The plaintiffs also discovered that the house was constructed on land that had been filled with vegetable debris, causing the house to settle. *Id.*

The jury in *Stone* returned a special verdict in favor of the plaintiffs, finding that they suffered a total of $16,000.00 in damages, but that only $3,500.00 was allocable to damage due to the settling of the land. *Id.* at 105, 245 S.E.2d at 807. The trial court denied the plaintiffs' motion for treble damages. *Id.* On appeal, this Court found:

> There is no authority to support plaintiffs' argument that the remainder of the $16,000, i.e., the portion attributable to damages solely for breach of implied and express warranties, should be trebled.

*Id.* Thus, the plaintiffs in *Stone* were entitled to treble the $3,500.00 award for the damage due to the settling of the land since it was attributable to fraud but were not entitled to treble the remain-

EASTOVER RIDGE, L.L.C. v. METRIC CONSTRUCTORS, INC.

[139 N.C. App. 360 (2000)]

der of the award attributable to damages for breach of warranties arising out of the construction of the house. *Id.* at 106, 245 S.E.2d at 808.

In *Opsahl v. Pinehurst Inc.*, 81 N.C. App. 56, 344 S.E.2d 68 (1986), *review dismissed*, 319 N.C. 222, 353 S.E.2d 400 (1987), the purchasers of a lot brought an action against the vendor seeking to rescind the contract of sale and seeking damages for unfair and deceptive trade practices. This Court found:

> It is common knowledge that projected completion dates in the construction industry are often missed for a variety of reasons and may be impossible or impractical to fulfill. In light of this common knowledge and the capacity of consumers to contract with reference thereto, we do not believe the legislature intended that the representation of such dates as firm when in fact they are not, standing alone, should rise to the level of immoral, unethical, oppressive, or unscrupulous conduct, or amount to an inequitable assertion of power or position.

*Id.* at 69-70, 344 S.E.2d at 77. Thus, the plaintiffs' remedy "lies in contract for material breach only." *Id.*

In the case at bar, plaintiff alleges in its complaint that defendant "failed and refused to perform its obligations under the Agreement" and lists examples of defendant's breaches. Although plaintiff has made numerous allegations that defendant breached its agreement regarding the construction project, we note that a certificate of substantial completion was signed by the architect on 27 March 1996 and that the construction project was subject to local government inspection. Therefore, we conclude that plaintiff has failed to show sufficient aggravating circumstances to establish a claim for unfair and deceptive trade practices.

Affirmed.

Judges McGEE and HUNTER concur.