Velocity Sols., Inc. v. BSG, LLC, 2016 NCBC 19.

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

VELOCITY SOLUTIONS, INC.; and
INTELLIGENT LIMIT SYSTEM,
LLC,

Plaintiffs,

v.

BSG, LLC d/b/a BSG FINANCIAL,
LLC and d/b/a BANK STRATEGY
GROUP; HOGHAUG CONSULTING,
LLC; and ERIK M. HOGHAUG,
Individually,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 1059

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER & OPINION

{1}     THIS MATTER is before the Court on (1) BSG's Motion for Judgment
on the Pleadings ("BSG's Motion"), (2) Defendant Hoghaug Consulting, LLC and
Defendant Erik M. Hoghaug's Joint Motion to Dismiss ("Hoghaug Defendants'
Motion"), (3) Plaintiffs' Motion to Dismiss BSG, LLC's Counterclaims or, in the
Alternative, for Judgment on the Pleadings Pursuant to Rules 12(b)(6) and 12(c)
("Plaintiffs' Motion to Dismiss BSG's Counterclaims"), and (4) Plaintiffs' Motion to
Dismiss Hoghaug Defendants' Counterclaims or, in the Alternative, for Judgment
on the Pleadings Pursuant to Rules 12(b)(6) and 12(c) ("Plaintiffs' Motion to Dismiss
Hoghaug Defendants' Counterclaims") (collectively, "Motions").  BSG's Motion is
GRANTED IN PART and DENIED IN PART, the Hoghaug Defendants' Motion is
DENIED, and Plaintiffs' motions are GRANTED IN PART and DENIED IN PART.

*Murchison, Taylor & Gibson, PLLC by Andrew K. McVey for Plaintiffs.*

*Van Hoy, Reutlinger, Adams & Dunn, PLLC by Stephen J. Dunn for
Defendant BSG, LLC d/b/a BSG Financial, LLC and d/b/a Bank Strategy
Group.*

*Fisher & Phillips LLP by J. Michael Honeycutt for Defendants Hoghaug Consulting, LLC and Erik M. Hoghaug.*

Gale, Chief Judge.

## I.    PROCEDURAL HISTORY

{2}    This lawsuit follows an earlier action in this Court that was voluntarily dismissed on December 23, 2014.  Notice of Voluntary Dismissal Without Prejudice, *Velocity Sols., Inc. v. BSG, LLC*, No. 14 CVS 557 (N.C. Super. Ct. Dec. 23, 2014).

{3}    On March 30, 2015, Plaintiffs Velocity Solutions, Inc. ("Velocity") and Intelligent Limit System, LLC ("ILS") initiated the present lawsuit against Defendants BSG, LLC ("BSG"), Hoghaug Consulting, LLC ("Hoghaug Consulting"), and Erik M. Hoghaug ("Erik Hoghaug").[1]  The case was designated as a complex business case and assigned to this Court on March 31, 2015.

{4}    Plaintiffs filed their Amended Complaint on June 26, 2015, alleging claims for breach of contract and for unfair and deceptive trade practices under section 75-1.1 of the North Carolina General Statutes.

{5}    On August 3, 2015, BSG filed BSG's Motion pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure ("Rule(s)"), and the Hoghaug Defendants filed the Hoghaug Defendants' Motion pursuant to Rule 12(b)(6).

{6}    Also on August 3, 2015, the Hoghaug Defendants and BSG separately filed counterclaims against Plaintiffs, alleging claims for tortious interference with contract, tortious interference with prospective economic advantage, and unfair and deceptive trade practices.

{7}    On September 2, 2015, Plaintiffs filed two motions to dismiss the counterclaims pursuant to Rule 12(b)(6), alternatively asking for judgment on the pleadings pursuant to Rule 12(c).

---

[1] Hoghaug Consulting and Erik Hoghaug, collectively, are referred to as the Hoghaug Defendants throughout this Order & Opinion.

{8}     The Motions were fully briefed, the Court heard oral argument on November 3, 2015, and the Motions are ripe for ruling.

## II.     FACTUAL BACKGROUND

{9}     Velocity is a North Carolina corporation.

{10}     ILS is a North Carolina limited liability company.

{11}     BSG is a Kentucky limited liability company that does business under the names BSG Financial, LLC and Business Strategy Group.

{12}     Plaintiffs and BSG are in the business of providing overdraft-protection risk management, overdraft-consulting services, and software solutions to financial institutions.

{13}     Erik Hoghaug is a former Velocity employee who currently resides in Texas.

{14}     Hoghaug Consulting is a Texas limited liability company that was formed by Erik Hoghaug in June 2012.  Hoghaug Consulting entered a consulting contract with BSG.  BSG has not employed Erik Hoghaug.

{15}     During his employment with Velocity, Erik Hoghaug worked as a managing director and consultant.  In that position, he acquired knowledge of Plaintiffs' confidential and proprietary information relating to Plaintiffs' business practices, including certain software that Velocity developed in response to federal regulations for overdraft services in 2010.

{16}     As a condition of employment, Velocity requires all of its employees that will have access to Velocity's confidential and proprietary information to sign a confidentiality agreement.

{17}     Erik Hoghaug signed an employment agreement on September 2, 2008. The agreement included confidentiality, nondisclosure, and nonsoliciation provisions that survive the termination of Erik Hoghaug's employment.  (Am. Compl. Ex. A ¶¶ 6, 7.)

{18}     Erik Hoghaug left his employment at Velocity in mid-2012.

{19}   Plaintiffs allege that, around May 2012, BSG engaged Erik Hoghaug to assist BSG in developing overdraft-management software and a marketing strategy for the software.  They further allege that the Hoghaug Defendants used Plaintiffs' proprietary information to develop the software for BSG, and that Defendants have used Plaintiffs' confidential information to identify potential customers and to market their software to Plaintiffs' customers, thereby breaching the employment covenants.

## III.   ANALYSIS

### A. BSG's Motion

{20}   BSG moves for judgment on the pleadings under Rule 12(c) on Plaintiffs' claims for breach of contract and unfair and deceptive trade practices, arguing first that BSG has no contract with Plaintiffs and cannot be held vicariously liable for any potential breach of contract by Erik Hoghaug, and second that its alleged conduct does not support an independent unfair and deceptive trade practices claim under section 75-1.1.

#### 1. Legal Standard

{21}   A motion for judgment on the pleadings under Rule 12(c) "is the proper procedure when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974).  Judgment on the pleadings is generally inappropriate when the pleadings fail to resolve all the factual issues.  *Id.*

{22}   When the Court reviews a complaint under Rule 12(c), it may consider documents "attached to and incorporated within a complaint." *Weaver v. Saint Joseph of the Pines, Inc.*, 187 N.C. App. 198, 204, 652 S.E.2d 701, 707 (2007).  However, "a document attached to the moving party's pleading may not be considered in connection with a Rule 12(c) motion unless the non-moving party has made admissions regarding the document." *Id.* at 205, 652 S.E.2d at 708.  The Court "is required to view the facts and permissible inferences in the light most

favorable to the nonmoving party." *Ragsdale*, 286 N.C. at 137, 209 S.E.2d at 499. Thus, a Rule 12(c) motion should be denied "unless it is clear that plaintiff is not entitled to any relief under any statement of the facts." *Praxair, Inc. v. Airgas, Inc.*, No. 98 CVS 8571, 1999 NCBC LEXIS 5, at *8 (N.C. Super. Ct. May 26, 1999).

## 2. The Breach of Contract Claim

{23}   Plaintiffs seek to impose vicarious liability on BSG for Erik Hoghaug's breach of his employment contract.  BSG asserts that it has never employed Erik Hoghaug, so that vicarious liability cannot be imposed on BSG.

{24}   Under the North Carolina doctrine of respondeat superior, "a principal generally is liable for the negligent acts of his agent which result in injury to another." *Bridgestone/Firestone, Inc. v. Ogden Plant Maint. Co. of N.C.*, 144 N.C. App. 503, 507, 548 S.E.2d 807, 811 (2001) (quoting *Willoughby v. Wilkins*, 65 N.C. App. 626, 633, 310 S.E.2d 90, 95 (1983)).  Vicarious liability may be imposed where there is an employer–employee relationship.  *See Gordon v. Garner*, 127 N.C. App. 649, 658, 493 S.E.2d 58, 63 (1997).  However, the respondeat superior doctrine does not generally impose vicarious liability for the acts of an independent contractor. *Id.* at 649, 493 S.E.2d at 64 (defining an independent contractor as "one who exercises an independent employment and contracts to do certain work according to his own judgment and method, without being subject to his employer except as to the result of his work" (quoting *Youngblood v. N. State Ford Truck Sales*, 321 N.C. 380, 384, 364 S.E.2d 433, 437 (1988))).

{25}   The Amended Complaint does not allege that Erik Hoghaug is employed by BSG in any capacity.  The pleadings make clear that Hoghaug Consulting has served as a contractor rather than as BSG's employee.  The Amended Complaint includes no more than a conclusory allegation that BSG is liable under a respondeat superior theory.  (*See* Am. Compl. ¶ 7.)  The Court is not bound to accept Plaintiffs' legal conclusions.

{26}   Accordingly, after viewing the facts and permissible inferences in the light most favorable to Plaintiffs, the Court finds no basis for Plaintiffs' breach-of-

contract claim against BSG. Accordingly, BSG's Motion is GRANTED as to this claim.

### 3. The Section 75-1.1 Claim Against BSG

{27} Plaintiffs assert that BSG is nevertheless directly liable under section 75-1.1.

{28} To state a claim under section 75-1.1, Plaintiffs must allege that BSG (1) "committed an unfair or deceptive act or practice," (2) the unfair or deceptive act or practice was "in or affecting commerce," and (3) BSG's "act proximately caused injury" to Plaintiffs. *Bumpers v. Cmty. Bank of N. Va.*, 367 N.C. 81, 88, 747 S.E.2d 220, 226 (2013) (quoting *Dalton v. Camp*, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001)); *see also* N.C. Gen. Stat. § 75-1.1(a) (2015).

{29} The Court has dismissed the breach of contract claim against BSG.

{30} Plaintiffs allege that BSG is liable because Erik Hoghaug was specifically engaged and directed to utilize Plaintiffs' confidential and proprietary information in order to achieve competitive gain for BSG. Plaintiffs admit that contracting and working with either of the Hoghaug Defendants to compete with Plaintiffs would not be improper if BSG did not request the Hoghaug Defendants to improperly utilize Plaintiffs' confidential and proprietary information.

{31} Cognizant that it is reviewing the claims at the pleading stage pursuant to relaxed standards, the Court concludes that there are disputed allegations as to whether BSG engaged the Hoghaug Defendants for the express purpose of accessing Plaintiffs' confidential and proprietary information in order to compete against Plaintiffs. The Court expresses no opinion as to whether these allegations will ultimately survive under the more rigorous summary judgment standard.

{32} For the reasons stated above, BSG's Motion is DENIED as to the section 75-1.1 claim.

## B. The Hoghaug Defendants' Joint Motion to Dismiss

### 1. Legal Standard

{33} The Court should grant a motion to dismiss under Rule 12(b)(6) when any of three things is true: (1) no law supports the plaintiff's claim, (2) the complaint does not plead sufficient facts to state a legally sound claim, or (3) the complaint discloses a fact that defeats the plaintiff's claim. *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985). When the Court reviews a complaint under Rule 12(b)(6), it accepts the factual allegations of the complaint as true without assuming the veracity of the plaintiff's legal conclusions. *See Walker v. Sloan*, 137 N.C. App. 387, 392, 592 S.E.2d 236, 241 (2000).

### 2. Breach of the Employment Contract

{34} To state a claim for breach of contract, Plaintiffs must first allege "(1) [the] existence of a valid contract and (2) breach of the terms of that contract." *One Beacon Ins. Co. v. United Mech. Corp.*, 207 N.C. App. 483, 487, 700 S.E.2d 121, 124 (2010) (quoting *Ahmadi v. Triangle Rent A Car, Inc.*, 203 N.C. App. 360, 362, 691 S.E.2d 101, 103 (2010)).

{35} The Hoghaug Defendants do not contest that Erik Hoghaug executed an employment contract with Velocity. However, they vigorously deny that Plaintiffs have any facts upon which to assert any breach of that contract.

{36} For the same reasons discussed above, the Court concludes that the Amended Complaint alleges minimally sufficient facts to sustain a breach of contract claim, first against Erik Hoghaug as a party to the contract, and second against Hoghaug Consulting, of which Erik Hoghaug is the principal.

{37} However, in so concluding, the Court has carefully considered Erik Hoghaug's argument that he is being exposed to the expense and burden of broad

discovery based upon allegations that are grounded only on Plaintiffs' alleged information and belief, which Defendants characterize as unfounded conjecture.[2]

{38} The Court addresses that concern by controlling discovery in the manner noted below.

### 3. Plaintiffs' Section 75-1.1 Claim Against the Hoghaug Defendants

{39} Plaintiffs not only allege that the Hoghaug Defendants are liable for breach of contract but also that the breach rises to the level of an actionable claim under section 75-1.1. Plaintiffs again rely exclusively on their assertion that the Hoghaug Defendants have improperly used Plaintiffs' proprietary and confidential information.

{40} It is well established "that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under [section] 75-1.1." *Nucor Corp. v. Prudential Equity Grp., LLC*, 189 N.C. App. 731, 739, 659 S.E.2d 483, 488 (2008) (quoting *Eastover Ridge, LLC v. Metric Constructors, Inc.*, 139 N.C. App. 360, 367–68, 533 S.E.2d 827, 832–33 (2000)). To recover under section 75-1.1 for a breach of contract, "[a] plaintiff must show substantial aggravating circumstances attending the breach." *Id.* (quoting *Eastover Ridge, LLC*, 139 N.C. App. at 368, 533 S.E.2d at 833).

{41} Plaintiffs assert that they have alleged such aggravating circumstances because Erik Hoghaug engaged in unfair conduct "when he sought out Plaintiffs' clients and prospective clients on behalf of BSG and led those customers to believe that the BSG product has the same functionality as Plaintiffs' software solution, but that the BSG product costs less." (Pls.' Br. Opp'n Hoghaug Defs.' Mot. Dismiss 7; *see also* Am. Compl. ¶ 24.) Plaintiffs claim that they will be

---

[2] Plaintiffs referred in their pleadings and at oral arguments to the doctrine of inevitable disclosure. (*See, e.g.*, Am. Compl. ¶ 36.) This doctrine is of uncertain application in North Carolina. *See Analog Devices, Inc. v. Michalski*, 157 N.C. App. 462, 470, 579 S.E.2d 449, 454–55 (2003). More importantly, here, the doctrine is properly applied in support of an injunction prohibiting an employee's potential employment, and not to prove actual harm as a result of that employment. In this case, Plaintiffs must demonstrate proof of actual harm based on wrongful acts.

able to prove that Erik Hoghaug was able to make such statements solely because of his improper use of Plaintiffs' proprietary and confidential information.

{42}  As noted, Plaintiffs' claims are largely grounded on their "information and belief." Ultimately, Plaintiffs will have to prove such belief with well-grounded facts. The Court concludes that Plaintiffs section 75-1.1 claims survive the motions to dismiss, as do their breach of contract claims. The section 75-1.1 claim should proceed with the caution that costs, including attorneys' fees, may be imposed if the course of this litigation leads to events that satisfy the standards that allow such costs pursuant to section 75-16. Accordingly, the Hoghaug Defendants' Motion to dismiss Plaintiffs' section 75-1.1 claim is DENIED.

## C. Plaintiffs' Motions to Dismiss Defendants' Counterclaims

{43}  The Hoghaug Defendants and BSG each counterclaim for Plaintiffs' alleged unfair and deceptive trade practices and for tortious interference with prospective economic advantage. The Hoghaug Defendants also allege a claim for tortious interference with contract.

### 1. Tortious Interference with Prospective Economic Advantage

{44}  To state a claim for tortious interference with prospective economic advantage, "a plaintiff must put forth evidence that a defendant interfered with a trade or business by maliciously inducing a person not to enter into a contract with a third person, which he would have entered into but for the interference." *Inland Am. Winston Hotels, Inc. v. Winston*, 2010 NCBC LEXIS 21, at *28 (citing *Spartan Equip. Co. v. Air Placement Equip. Co.*, 263 N.C. 549, 559, 140 S.E.2d 3, 11 (1965)).

{45}  Defendants allege that Plaintiffs tortiously interfered with their prospective economic advantage by (1) pursuing the litigation to force Defendants to disclose the lawsuits in requests for proposals for projects, (2) knowingly making false allegations in their pleadings, and (3) inducing and causing third parties to refrain from conducting lawful business with Defendants. Defendants claim that,

but for Plaintiffs' unjustified, wrongful actions, Defendants would have engaged in economically advantageous business transactions.

{46}  Plaintiffs argue that Defendants' claims for tortious interference with prospective economic advantage must fail because Defendants have not identified a "specific contractual opportunity" that would have ensued but for Plaintiffs' alleged interference.  However, the North Carolina Supreme Court has rejected the notion that a claim for tortious interference with prospective economic advantage requires evidence of a specific contractual opportunity.  *See Owens v. Pepsi Cola Bottling Co. of Hickory, N.C., Inc.*, 330 N.C. 666, 680–81, 412 S.E.2d 636, 644–45 (1992) (reversing the court of appeals's holding that there was insufficient evidence to support a tortious-interference claim on summary judgment where the plaintiff failed to show that any contracts were disrupted); *Coleman v. Whisnant*, 225 N.C. 494, 506, 35 S.E.2d 647, 656 (1945) (holding that a claim for tortious interference with prospective economic advantage may be based on conduct that prevents the making of contracts).

{47}  Plaintiffs further contend that, even if they did otherwise interfere with Defendants' business opportunities, they were justified in doing so as a competitor.  The Court concludes that this defense must await a more developed factual record and is not adequate to sustain an early dismissal of the counterclaim.

{48}  Accordingly, Plaintiffs' motions are DENIED with regard to Defendants' claims for tortious interference with prospective economic advantage.

### 2.  Tortious Interference with Contract

{49}  A claim for tortious interference with contract includes five elements:

(1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to plaintiff.

*United Labs., Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988).

{50}    The Hoghaug Defendants allege that Plaintiffs intentionally interfered with the contractual relationship between Hoghaug Consulting and BSG by filing this lawsuit, and that the interference resulted in damages.  The sole basis of that allegation is the consulting contract between Hoghaug Consulting and BSG, which was ultimately renewed rather than terminated.  The Court concludes that, under these facts, the counterclaim for tortious interference with contract must fail.  *See DaimlerChrysler Corp. v. Kirkhart*, 148 N.C. App. 572, 584–85, 561 S.E.2d 276, 286 (2002) (dismissing a claim for tortious interference with contract where the plaintiff failed to identify any specific contract with the plaintiff that a third party was induced not perform as a result of the defendants' conduct).

{51}    Accordingly, Plaintiffs' motions to dismiss should be granted as to the counterclaims for tortious interference with contract.

### 3.    The Section 75-1.1 Counterclaim

{52}    Plaintiffs move to dismiss Defendants' section 75-1.1 counterclaims on the grounds that the claims are barred by the *Noerr–Pennington* doctrine, which provides that a party who seeks redress by filing a lawsuit is immune from claims that are based solely on the pursuit of that lawsuit.  *See E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 139 (1961).  That immunity can be lost if the litigation is only a sham.  Under the sham-litigation exception to the *Noerr–Pennington* doctrine, "[t]he institution of a lawsuit may be the basis for an unfair trade practices claim if the lawsuit is a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor."  *United States v. Ward*, 618 F. Supp. 884, 907 (E.D.N.C. 1985); *see also Reichhold Chems., Inc. v. Goel*, 146 N.C. App. 137, 157, 555 S.E.2d 281, 293 (2001) (stating that a plaintiff does not violate section 75-1.1 by pursuing an objectively reasonable lawsuit).

{53}    Proving that the filing of a lawsuit is a mere sham carries an extremely high burden, and, even if the Court assumes that an action was "brought 'for no legitimate purpose' and with a subjective anti-competitive intent, it can still

conclude that the suit is 'objectively reasonable' because it is not 'utterly baseless.'" *Lorillard Tobacco Co. v. R.J. Reynolds Tobacco Co.*, No. 10-CVS-11471, 2011 NCBC LEXIS 31, at *18 (N.C. Super. Ct. Aug. 8, 2011) (quoting *Reichhold Chems., Inc.*, 146 N.C. App. at 157, 555 S.E.2d at 293).

{54}   It is evident that Defendants' section 75-1.1 claims are grounded solely on Plaintiffs' prosecution of this lawsuit for an alleged improper purpose.  Although it reserves its consideration of whether to impose costs, including attorneys' fees, because Plaintiffs' are prosecuting their own section 75-1.1 claim, the Court concludes that Plaintiffs have filed this suit with a general intent to obtain monetary relief, and that there is no reason for the Court to conclude that the suit is utterly baseless or that Plaintiffs' Amended Complaint is "a mere sham to cover what is nothing more than an attempt to interfere directly with . . . a competitor." *GoldToeMoretz, LLC v. Implus Footcare, LLC*, No. 5:09-CV-0072, 2010 U.S. Dist. LEXIS 90828, at *16 (W.D.N.C. Aug. 31, 2010) (quoting *Ward*, 618 F. Supp. at 907).

{55}   Accordingly, Plaintiffs' motions to dismiss Defendants' section 75-1.1 counterclaims are GRANTED.

### D.  Controlling Discovery

{56}   The Court, in its discretion and considering the degree to which the Amended Complaint is based on information and belief, determines that discovery should be carefully controlled.

{57}   Prior to seeking further discovery from Defendants, particularly before deposing Erik Hoghaug, Plaintiffs shall provide within twenty days of the date of the entry of this Order & Opinion an interrogatory response detailing the factual basis on which it alleges that the Defendants have improperly used Plaintiffs' confidential and proprietary information.  Within twenty days of receiving this interrogatory response, Defendants may depose Plaintiffs' Rule 30(b)(6) designee regarding those allegations and the investigations on which the allegations are based.  Within thirty days of the earlier of this deposition or the expiration of twenty days after serving its interrogatory response, Plaintiffs may

depose two actual or potential customers to develop facts in support of their claims. The parties shall advise the Court once this initial discovery has been completed, after which the Court will convene a status conference to determine the appropriate course of further discovery and motion practice.

## IV. CONCLUSION

{58} The Court hereby orders that

1. BSG's Motion is GRANTED as to Plaintiffs' claim for breach of contract, and DENIED as to the claim for unfair and deceptive trade practices under section 75-1.1.

2. The Hoghaug Defendants' Motion is DENIED.

3. Plaintiffs' Motion to Dismiss BSG's Counterclaims is GRANTED as to the section 75-1.1 claim, and DENIED as to the claim for tortious interference with prospective economic advantage.

4. Plaintiffs' Motion to Dismiss Hoghaug Defendants' Counterclaims is GRANTED as to the section 75-1.1 claim and the tortious interference with contract claim, and DENIED as to the claim for tortious interference with prospective economic advantage.

5. Discovery shall only proceed as provided above.

IT IS SO ORDERED, this the 22nd day of February, 2016.


/s/ James L. Gale
_____
James L. Gale
Chief Special Superior Court Judge
 for Complex Business Cases