FORSYTH MEMORIAL HOSPITAL, INC., Plaintiff v. ISAURO CONTRERAS
AND FRANCES CONTRERAS, Defendants

No. 9121DC825

(Filed 6 October 1992)

**Consumer and Borrower Protection § 48 (NCI4th) — debt collection —
letters from plaintiff's holding company — communications not
deceptive or misleading**

    Plaintiff's communications with defendants, made in an
attempt to collect defendants' debt for defendant wife's
hospitalization, were not misleading or deceptive in violation
of Prohibited Acts by Debt Collectors, N.C.G.S. § 75-54, though
plaintiff's relationship to its holding corporation and the vice
president for legal affairs for the corporation was not clearly
represented in the written communications from the vice presi-
dent to defendants, since evidence at the trial tended to establish
that defendants knew the demand letters from the vice presi-
dent were attempts at collection on their account owing to
plaintiff; each letter conspicuously referenced defendant's
specific account number; defendants knew they owed money
on this particular account; and it was clear from the content
of the letters that the money was owed to plaintiff.

    **Am Jur 2d, Consumer and Borrower Protection § 292.**

    **Validity, construction, and application of state statutes
prohibiting abusive or coercive debt collection practices. 87
ALR3d 786.**

APPEAL by defendants from judgment entered 15 May 1991
in FORSYTH County District Court by *Judge James A. Harrill,
Jr.* Heard in the Court of Appeals 15 September 1992.

Plaintiff Forsyth Memorial Hospital instituted this action seek-
ing to recover amounts due as a result of defendant Frances
Contreras' hospitalization. The record reveals that in May of 1988,
defendant was hospitalized for several days at Forsyth Memorial
Hospital for the birth of her daughter. The defendants' insurance
did not cover the hospitalization, and they were unable to pay
the hospital bills when due. Plaintiff agreed to accept partial
payments so defendants could pay off their account over a period
of time. After defendants missed several payments, the plaintiff,

through its holding company, Carolina Medicorp, Inc., instituted collection procedures on the defendants' account. The defendants received many letters requesting prompt payment and informing them of the status of their account. When they repeatedly fell behind on their payment schedule, plaintiff brought this collection action to recover the unpaid portion of the account. Defendants filed a counterclaim alleging that in attempting to collect on the account, plaintiff violated N.C. Gen. Stat. § 75-50 *et seq.*, Prohibited Acts by Debt Collectors. Plaintiff then filed a motion for summary judgment. The trial court granted plaintiff's motion, awarded it a judgment of $2,481.31, and dismissed defendants' counterclaim. Defendants appeal.

*House & Blanco, P.A., by John S. Harrison, for plaintiff-appellee.*

*Legal Aid Society of Northwest North Carolina, Inc., by Susan Gottsegen, for defendants-appellants.*

WELLS, Judge.

Defendants assert that the trial court erred in granting plaintiff's summary judgment motion because plaintiff violated portions of Prohibited Acts by Debt Collectors when conducting its collection procedures. In support of this contention, defendants raise five arguments on appeal. Defendants argue that under the least sophisticated consumer test, a jury could find plaintiff allegedly committed prohibited debt collection acts (1) by threatening to obtain a judgment lien on "any property" the defendants possessed, (2) by sending letters misrepresenting that it had not received payments, (3) by warning that it would file suit immediately when it did not do so, (4) by harassing defendants regarding payment of their account, and (5) by sending misleading communications implying that their account had been turned over to either an independent attorney or a third-party collection agency. After reviewing the record, we find all but defendants' final assignment of error to be without merit. Therefore, we limit our review to the sole question of whether plaintiff's written correspondence was misleading in violation of Prohibited Acts by Debt Collectors, N.C. Gen. Stat. § 75-54.

N.C. Gen. Stat. § 75-54(1) provides, *inter alia*:

No debt collector shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudu-

lent, deceptive or misleading representation. Such representations include, but are not limited to, the following:

    (1) Communicating with the consumer other than in the name (or unique pseudonym) of the debt collector and the person or business on whose behalf the debt collector is acting or to whom the debt is owed.

Defendants argue they were misled as to the debt collector's identity inasmuch as plaintiff failed to state the relationship between plaintiff and the person or organization soliciting payment in their written communications. Plaintiff's allegedly misleading conduct, defendants contend, constituted a violation of the Act. Defendants construe this section to require exact disclosure of the debt collector's identity in each communication. The forecast of evidence before the trial court establishes that plaintiff's collection procedures were handled through its holding company, Carolina Medicorp, Inc., and correspondence was sent under the letterhead of Lawrence U. McGee, the Vice President for Legal Affairs for Carolina Medicorp, Inc. The correspondence did not indicate the affiliation between Carolina Medicorp, Inc. and plaintiff. Defendants argue these written communications led them to believe the matter had been turned over to an independent attorney for collection, or in the alternative, the account had been given to an independent third-party collection agency. In either case, the defendants argue, the written communications misrepresented the nature of the debt collector in violation of N.C. Gen. Stat. § 75-54(1).

We find Mr. McGee's communications did not violate N.C. Gen. Stat. § 75-54(1). The plain language of the statute only requires communications with a debtor to disclose (1) the name of the debt collector, and (2) the name of the person or business on whose behalf the debt collector is acting or to whom the debt is owed.

Even if plaintiff's collection procedures did not violate subsection (1) of the Act, the question remains whether the communications were nevertheless deceptive or misleading so as to implicate the general prohibition against deceptive or misleading representations found in N.C. Gen. Stat. § 75-54. Defendants again contend that the letters sent by Lawrence U. McGee were effectively misleading because they at least implied he was an independent attorney hired for collection purposes or that he was employed by Carolina Medicorp, Inc., an independent collection agency. Defendants presented evidence showing that the letterhead empha-

sized "Lawrence U. McGee, Attorney at Law" in bold type with Carolina Medicorp, Inc.'s name printed directly below. "Forsyth Memorial Hospital" never appeared in the heading.

While it is true that plaintiff's relationship to Carolina Medicorp, Inc. and Lawrence U. McGee was not clearly represented in the written communications, we find that this evidence is not sufficient in and of itself to constitute a violation of N.C. Gen. Stat. § 75-54.

The specific conduct delineated as prohibited in N.C. Gen. Stat. § 75-54 are examples of unfair practices proscribed by N.C. Gen. Stat. § 75-1.1. *See* N.C. Gen. Stat. § 75-56. Under N.C. Gen. Stat. § 75-54, unfair practices include conduct which is fraudulent, deceptive or misleading in debt collection. To prevail on a claim for violation of this section, one need not show deliberate acts of deceit or bad faith, but must nevertheless demonstrate that the act complained of "possessed the tendency or capacity to mislead, or created the likelihood of deception." *Overstreet v. Brookland, Inc.*, 52 N.C. App. 444, 279 S.E.2d 1 (1981). Defendants have failed to meet this burden.

The evidence presented at trial tended to establish that defendants knew the demand letters from Lawrence U. McGee were attempts at collection on their account owing to plaintiff. Each letter conspicuously referenced the defendant's specific account number. Defendants knew they owed money on this particular account for the May 1988 hospitalization, and it was clear from the content of the letters that such money was owed to the plaintiff. Furthermore, when defendants did make periodic payments, it was credited to their account with the hospital, and these partial payments were reflected in account statements received by them.

In applying N.C. Gen. Stat. § 75-54 to the case before us, we do not view "communication" as narrowly as defendants suggest. In the common-sense perspective of the events underlying defendants' claim, plaintiff hospital clearly communicated to the defendants the origin, nature, and extent of their debt. The letters from Carolina Medicorp, Inc., viewed in that perspective, could not reasonably be considered to be deceptive or misleading. Even assuming the least sophisticated consumer standard applies (without so deciding), the totality of the circumstances reflect that defendants, as such consumers, would have clearly understood the nature of the debt and to whom the debt was owed. Plaintiff's communications were not misleading or deceptive as contemplated by the

BURTON v. BLANTON

[107 N.C. App. 615 (1992)]

Act. Therefore, the trial court's granting of summary judgment in favor of the plaintiff was proper.

Affirmed.

Judges ORR and GREENE concur.