**WILKES NATIONAL BANK v. HALVORSEN**

[126 N.C. App. 179 (1997)]

WILKES NATIONAL BANK, Plaintiff-Appellee v. ELSIE C. HALVORSEN, Defendant-Appellant

No. COA96-729

(Filed 6 May 1997)

**1. Consumer and Borrower Protection § 48 (NCI4th)— letter to borrower—not attempt to collect debt—statement of purpose not required**

A bank officer's letter to defendant borrower was not a "communication attempting to collect a debt" within the meaning of the Prohibited Acts by Debt Collectors Act and was thus not required by N.C.G.S. § 75-54(2) to contain an explicit statement that the purpose of the communication was to collect a debt where the officer had assisted defendant in making claims on her credit insurance because of her illness, the letter was a continuation of past conversations and communications with defendant, and the letter did not focus on the defaulted loan but on defendant's illness and the bank's willingness to craft an alternate payment schedule.

**Am Jur 2d, Consumer and Borrower Protection § 204.**

**Validity, construction, and application of state statutes prohibiting abusive or coercive debt collection practices. 87 ALR3d 786.**

**2. Consumer and Borrower Protection § 48 (NCI4th)— letter to borrower—sufficient statement of purpose—not deceptive or misleading**

A bank officer's letter to defendant sufficiently stated that the purpose of the communication was to collect a debt, although it did not contain the verbatim language of N.C.G.S. § 75-54(2), where the letter stated that defendant was in default on her promissory note, stated that the purpose of the letter was to demand full payment on the note, and provided information as to the balance due, the time frame for payment, and the consequences of nonpayment. Further, the letter was not deceptive or misleading within the meaning of N.C.G.S. § 75-54.

**Am Jur 2d, Consumer and Borrower Protection §§ 207-209.**

WILKES NATIONAL BANK v. HALVORSEN

[126 N.C. App. 179 (1997)]

Validity, construction, and application of state statutes prohibiting abusive or coercive debt collection practices. 87 ALR3d 786.

What constitutes false, deceptive, or misleading representation or means in connection with collection of debt proscribed by provisions of Fair Debt Collection Practices Act (15 USCS § 1692e). 67 ALR Fed. 974.

Appeal by defendant from order entered 1 April 1996 by Judge Edgar B. Gregory in Wilkes County District Court. Heard in the Court of Appeals 25 February 1997.

This case involves a bank's actions to recover monies owed on a promissory note which were allegedly unfair and deceptive trade practices prohibited by N.C.G.S. 75-50, *et seq.*

Plaintiff Wilkes National Bank instituted this action seeking to recover amounts due on a consumer loan extended to defendant Elsie Halvorsen. Ms. Halvorsen applied to the plaintiff for a debt consolidation loan. Mr. Larry Farthing, Senior Vice President of Wilkes National Bank, assisted Ms. Halvorsen with her loan application. Mr. Farthing advised Ms. Halvorsen that the loan would require a guarantor and Ms. Halvorsen agreed to arrange for a guarantor. Although Ms. Halvorsen ultimately failed to provide a guarantor, the plaintiff nevertheless extended a loan of $2,129.48 to Ms. Halvorsen on 18 July 1994. Ms. Halvorsen made only two payments ($102.43 each) on the loan, on 17 August 1994 and 3 October 1994.

After learning that Ms. Halvorsen was ill, Mr. Farthing wrote Ms. Halvorsen on 29 December 1994 and enclosed a new payment schedule on the loan. Mr. Farthing telephoned Ms. Halvorsen on 30 December 1994 and Ms. Halvorsen told Mr. Farthing that she was unable to make the payments on her loan because she was ill and asked that he assist her in making a claim on her credit insurance policy. Over the next six months, Mr. Farthing assisted Ms. Halvorsen in her claim for disability insurance benefits. The insurer denied Ms. Halvorsen's claim because Ms. Halvorsen had provided incorrect information on the insurance application.

On 5 June 1995, Mr. Farthing wrote to Ms. Halvorsen regarding the status of her loan. The letter provided:

Thank you for keeping us informed of your medical progress. I regret that you have been ill for so long. As you can appreciate,

we are not allowed to carry loans indefinitely without some repayment. I would like to talk to you in person this week about the situation and see if we can arrange an alternate repayment schedule. Will you please call or come in so we can discuss this?

Following this letter, Mr. Farthing again assisted Ms. Halvorsen in her effort to receive disability benefits from her insurer. After receiving no response from the insurer on Ms. Halvorsen's claim, Mr. Farthing wrote Ms. Halvorsen on 28 July 1995 stating:

> This letter is to inform you that you are in default under the terms and conditions of the above referenced Promissory Note. Your default consists of being past due in payment since March 17, 1995. As you are aware, the terms of the Promissory Note provide that in the event of default on any of your obligations thereunder, the entire balance shall be immediately due and payable

> Accordingly, as a result of your default in payment, demand is hereby made for full and immediate payment of the entire outstanding balance of principal and interest in the amount of $2,247.19 as of July 28, 1995. Interest will continue to accrue at the daily rate of $.78 on the defaulted principal.

On 8 August 1995, Ms. Halvorsen's insurer informed both Ms. Halvorsen and Mr. Farthing that Ms. Halvorsen's claim for disability benefits was again denied because of pre-existing medical conditions. On 21 August 1995, the plaintiff filed a Complaint against Ms. Halvorsen seeking recovery on the amount due on the promissory note. On 20 October 1995, the defendant filed her answer and counterclaimed for damages under N.C.G.S. 75-50, *et seq.* On 19 January 1996, the defendant moved for summary judgment on her counterclaim. On 1 April 1996, Chief District Court Judge Edgar B. Gregory denied defendant's motion for summary judgment. On 24 January 1996, plaintiff moved for summary judgment on its action to recover the amount owed on the promissory note. On 1 April 1996, Judge Edgar B. Gregory entered an order granting plaintiff's motion for summary judgment. Defendant appeals from that order.

*Max F. Ferree for plaintiff-appellee.*

*Legal Services of the Blue Ridge, Inc., by Charlotte Gail Blake, for defendant-appellant.*

EAGLES, Judge.

Defendant asserts that the trial court erred in granting plaintiff's motion for summary judgment because plaintiff violated portions of the Prohibited Acts by Debt Collectors Act when conducting its collection procedures. N.C.G.S. 75-50, *et seq.* (1994). Defendant argues that a jury could find that plaintiff violated N.C.G.S. 75-54 because its 5 June 1995 and 28 July 1995 letters to defendant failed to disclose that each was a communication to collect a debt.

N.C.G.S. 75-54 provides, in pertinent part:

No debt collector shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation. Such representations include, but are not limited to, the following:

\* \* \* \*

(2) Failing to disclose in all communications attempting to collect a debt that the purpose of such communication is to collect a debt.

Defendant contends that both the 5 June and 28 July 1995 letters were communications to collect a debt and that both were misleading because neither contained an "explicit statement that the purpose of the communication is to collect a debt." Assuming, without deciding, that plaintiff is a "debt collector" within the meaning of the statute, we disagree.

[1] The threshold inquiry is whether the 5 June and 28 July 1995 letters were in fact "communications attempting to collect a debt." N.C.G.S. 75-54(2) (1994). Mr. Farthing first assisted the defendant in July of 1994, almost a year before he wrote the 5 June 1995 letter. In the course of that year, he communicated with the defendant on the telephone, in person and in writing. He assisted the defendant with her application for credit insurance, even though the terms of defendant's loan from the bank did not require credit insurance. When he learned she was ill, Mr. Farthing contacted the defendant and revised her repayment schedule. At her request, he assisted her in making a claim for disability on her credit insurance policy. Mr. Farthing's letter of 5 June was a natural continuation of the conversations and communications of the past year between he and Ms. Halvorsen. The letter does not focus on the defaulted loan, but rather on the defendant's illness and the bank's willingness to craft an alternate payment

schedule. We conclude that Mr. Farthing's 5 June 1995 letter to defendant was not a "communication attempting to collect a debt" and is therefore not subject to G.S. 75-54.

[2] Plaintiff concedes that its letter of 28 July 1995 is an attempt to collect on the defaulted loan. The plain language of G.S. 75-54 requires communications with a debtor to disclose that the purpose of the communication is to collect a debt. The 28 July letter expressly states that its purpose is to inform the defendant that she is "in default under the terms and conditions of the . . . Promissory Note" and, as a result of that default, "demand is hereby made for full and immediate payment of the entire outstanding balance of principal and interest." The letter further states that "[F]ailure to make full payment within five days of the date of this letter will result in our taking appropriate action to collect this debt." The defendant would require the debt collector to quote verbatim the language of the statute to comply with the Act. Plaintiff's 28 July letter provides greater clarity than a mere verbatim recitation of the statute. The 28 July letter not only expressly states its purpose, "demand is hereby made for full and immediate payment," but further provides particular information as to the exact balance owed, the time frame for payment, and the consequences of non-payment. To accept the defendant's argument that only a clear recitation of the statutory language satisfies the requirements of G.S. 75-54 would discourage debt collectors from providing even more clarity and guidance to debtors. We conclude that the plaintiff's 28 July 1995 letter did not violate N.C.G.S. 75-54(2).

Even though plaintiff's 28 July 1995 collection letter did not violate G.S. 75-54(2), the question remains whether the letter was nevertheless deceptive and misleading. *Forsyth Memorial Hospital v. Contreras*, 107 N.C. App. 611, 613, 421 S.E.2d 167, 169 (1992). The purpose of the Prohibited Acts by Debt Collectors Act is to create a general prohibition against deceptive or misleading representations. *Id.* N.C.G.S. 75-56 provides that "[T]he specific and general provisions of this Article shall exclusively constitute the unfair or deceptive acts or practices proscribed by G.S. 75-1.1 . . . ." N.C.G.S. 75-56 (1994). Under N.C.G.S. 75-54, unfair practices include "any fraudulent, deceptive or misleading representation." N.C.G.S. 75-54 (1994). "To prevail on a claim for violation of this section, one need not show deliberate acts of deceit or bad faith, but must nevertheless demonstrate that the act complained of 'possessed the tendency or capacity to mislead, or created the likelihood of deception.' " *Forsyth Memorial Hospital v. Contreras*, 107 N.C. App. 611, 614, 421 S.E.2d 167, 169-70 (1992),

*quoting, Overstreet v. Brookland, Inc.,* 52 N.C. App. 444, 279 S.E.2d 1 (1981). The defendant has failed to meet this burden.

The plaintiff's 28 July letter plainly stated its purpose was to demand full payment on the promissory note. The letter specified the sum due and advised the defendant that failure to pay the balance due on the loan within five days would result in the plaintiff "taking appropriate action to collect this debt and exercise our rights as to collateral securing this defaulted loan." Defendant had made her most recent payment on the loan on 3 October 1994, over nine months before the 28 July 1995 letter from the plaintiff. The defendant knew that she was in default on the loan. We hold that the defendant would have clearly understood the nature of the communication. Plaintiff's 28 July 1995 letter was not misleading or deceptive as contemplated by G.S. 75-54. The trial court's order granting summary judgment for the plaintiff is affirmed.

Affirmed.

Judges COZORT and JOHN concur.